ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
OCT 2 6 2017
at 3 o'clock and 30 min. P M
SUE BEITIA, CLERK

Trina X. Easley-Jackson
9773 Lawlor Street
Oakland, CA 94605
510-719-9771
In Pro Per

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

CIVIL DIVISION

| | |
|---|---|
| TRINA X. EASLEY-JACKSON,<br><br>Plaintiff,<br><br>-vs-<br><br>HILTON HAWAIIAN VILLAGE, LLC, dba HILTON HAWAIIAN WAIKIKI BEACH RESORT, HILTON HAWAII CORPORATION, HILTON MANAGEMENT, LLC, PARK HOTELS & RESORTS, INC., JOHN DOES 1-5, JOHN DOE CORPORATIONS 1-5, JOHN DOE PARTNERSHIPS 1-5, ROE NON-PROFIT CORPORATIONS 1-5 and ROE GOVERNMENTAL AGENCIES 1-5,<br><br>Defendants. | COMPLAINT FOR A CIVIL CASE<br><br>CASE NUMBER: CV17 00536 LEK RLP |

COMPLAINT

1. At all times relevant herein, plaintiff TRINA X. EASLEY-JACKSON was a citizen and resident of the State of California.

2. At all times relevant herein, defendant HILTON HAWAIIAN VILLAGE, LLC, dba HILTON HAWAIIAN VILLAGE WAIKIKI BEACH RESORT, was a limited liability corporation, incorporated under the law of the State of Delaware, having

its principal place of business in the County of Oahu, State of Hawaii and doing business therein.

3. At all times relevant herein, defendant HILTON HAWAII CORPORATION was a limited liability corporation, incorporated under the law of the State of Delaware, having its principal place of business in the County of Maui, State of Hawaii and doing business therein.

4. At all times relevant herein, defendant HILTON MANAGEMENT, LLC, was a limited liability corporation, incorporated under the law of the State of Delaware, having its principal place of business in the County of Maui, State of Hawaii and doing business therein.

5. At all times relevant herein, defendant PARK HOTELS & RESORTS, INC., was a corporation, incorporated under the law of the State of Delaware, having its principal place of business in the County of Maui, State of Hawaii and doing business therein.

6. None of the above-named defendants are citizens of the State of California, incorporated under the law of the State of California, or has their principal place of business within the State of California.

7. No unidentified defendant was a citizen or resident of the State of California or incorporated under the law of California or had its principal place of business thereat.

8. There is complete diversity of citizenship between plaintiff and defendants pursuant to 28 USC § 1332(a)(1).

9. At all times relevant herein, defendants, and/or any of them, owned and/or operated and maintained a first class resort hotel property, known as "Hilton Hawaiian Village Waikiki Beach Resort", situated at 2005 Kalia Road, Honolulu, Hawaii, 96815 (hereinafter "the premises").

10. Excluding the unidentified defendants described in Paragraph 8 above, plaintiff has diligently and in good faith attempted to ascertain names, identities, and possible defendants whose identities are presently unknown to plaintiff. Despite the foregoing, the identities of other defendant, excluding those described in paragraph 8 above, whose conduct may have been a legal cause of plaintiff's injuries and damages, remain unknown to plaintiff.

11. Plaintiff alleges on information and belief that, directly or indirectly, the conduct of other defendants, other than those described in paragraph 7 above, presently unknown to plaintiff, was or may have been a legal cause of the occurrence complained of and/or the injury, damage, or loss thereby sustained, inasmuch as the conduct of each defendant may have coincided with and/or concurred

3

with that of each and every other defendant named and unnamed.

12. All events described herein occurred in the County of Maui, State of Hawaii, so that this Court is the appropriate venue for, and has jurisdiction over, this proceeding and the parties herein.

13. On November 13, 2015, plaintiff was lawfully upon the premises of defendants, and/or any of them, whereat she was caused to fall.

14. At all times relevant herein, defendant, and/or any of them, created, caused, allowed to exist, owned, leased, operated, cleaned, controlled, managed, and/or supervised, failed to inspect and /or maintain its premises, and/or warn about and/or failed to eliminate an unreasonably dangerous condition on the premises, which condition was foreseeably hazardous to patrons of defendant, and/or any of them, including plaintiff, which condition created an unreasonable risk of harm to her, and was a cause of plaintiff's fall at the premises.

15. The fall suffered by plaintiff resulted from, among other things, defendants', and or any of them, failure to provide a non-slippery walking surface on its premises at the entrance of the hot tub at the **Paradise Pool**.

16. The surface of the aforesaid walkway was wet, slippery and dangerous at the time of plaintiff's fall,

there having been rain in the area at an earlier time during the day of her fall.

17. Defendant failed to warn its guests, including plaintiff, of any hazardous condition of the aforementioned entry to the hot tub.

18. Defendant failed to provide any kind of anti-slip surface, carpet, rug or mat, which would have prevented plaintiff from slipping and/or falling as a result of the dangerous condition of the entry.

19. Defendants failed to warn its guests, including plaintiff, of any hazardous condition of the aforesaid entry prior to plaintiff's fall.

20. At all times relevant herein, the condition of the aforesaid walkway was unreasonably dangerous.

21. Defendants', and/or any of them, allowance of, or permission of the existence of, the aforesaid dangerous walkway condition, was unreasonably careless.

22. On November 13, 2015, as a legal result of the foregoing, plaintiff was caused to fall.

23. Negligence of defendants, and/or that of any of them, mentioned above, was a cause of plaintiff's fall.

24. As a legal result of the foregoing, plaintiff has suffered severe and permanent physical and/or mental injuries, suffering, emotional distress, diminution of wage and/or impairment of earning capacity, enjoyment of life's

activities, expenses incurred for the treatment of injuries suffered, together with other damages as shall be proved at time of trial, which is in excess of $75,000 exclusive of interest and costs.

25. The amount of damages suffered by plaintiff, in excess of $100,000, exclusive of interest and costs, is sufficient to vest this Court with jurisdiction pursuant to 28 USC §1332(a).

26. Plaintiff engaged in no negligent conduct which was a legal cause of his injuries.

WHEREFORE, upon a hearing hereof, plaintiff prays that judgment be entered in her favor and against defendants, and/or any of them, jointly and severally, for general and special damages exclusive of costs, and/or other damages as to which she shall be entitled pursuant to proof adduced at trial, together with costs of suit, attorney's fees, pre-judgment interest, post-judgment interest, and such other and further relief as to which he shall be entitled pursuant to Rule 54(c), Federal Rules of Civil Procedure.

DATED: Oakland, CA       10-20-2017

TRINA X. EASLEY JACKSON
In Pro Per