IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TRINA X. EASLEY-JACKSON,<br><br>Plaintiff,<br><br>vs.<br><br>HILTON HAWAIIAN VILLAGE LLC dba HILTON HAWAIIAN VILLAGE BEACH RESORT & SPA, a Hawai'i Corporation, HILTON HAWAIIAN CORPORATION, a Delaware corporation; HILTON MANAGEMENT LLC, a Delaware corporation; PARK HOTELS & RESORTS INC., a Delaware corporation; JOHN DOES 1-5; JOHN DOE CORPORATIONS 1-5; JOHN DOE PARTNERSHIPS 1-5; ROE NON-PROFIT CORPORATIONS 1-5; ROE GOVERNMENTAL AGENCIES 1-5,<br><br>Defendants. | CIVIL NO. 17-00536 JAO-RLP<br><br>ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED WITHOUT PREJUDICE |

## ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED WITHOUT PREJUDICE

On December 28, 2017, Plaintiff Trina X. Easley-Jackson filed an Amended

Complaint asserting diversity jurisdiction as the basis for subject matter

jurisdiction in this action. Doc. No. 11 at ¶ 8. Federal district courts have original

jurisdiction over cases where the amount in controversy exceeds $75,000, exclusive of interest and costs, and where the matter in controversy is between citizens of different states. 28 U.S.C. § 1332(a)(1). Complete diversity of citizenship requires that each of the plaintiffs be a citizen of a different state than each of the defendants. *Williams v. United Airlines, Inc.*, 500 F.3d 1019, 1025 (9th Cir. 2007) (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005)); *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Corporations are citizens of "(1) the state where its principal place of business is located, and (2) the state in which it is incorporated." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (citing 28 U.S.C. § 1332(c)(1)). By contrast, LLCs share the citizenships of all of their owners/members. *Id.* at 902.

"Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Federal courts are presumed to lack subject matter jurisdiction, and the plaintiff bears the burden of establishing that subject matter jurisdiction is proper. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). If the Court lacks subject matter jurisdiction, an action must be dismissed. Fed. R. Civ. P. 12(h)(3).

In the Amended Complaint, Plaintiff alleges that Defendant Hilton Management LLC is a "limited liability corporation, incorporated under the law of the State of Delaware, having its principal place of business in the State of Hawai'i in Honolulu aforesaid."[1] Doc. No. 11. at ¶ 4. However, Plaintiff has neither identified the owners/members of this entity, nor their respective citizenships.[2] Absent this information, the Court is unable to ascertain whether diversity jurisdiction exists.

Accordingly, Plaintiff is ORDERED TO SHOW CAUSE why this action should not be dismissed without prejudice for lack of subject matter jurisdiction. Plaintiff must file a response to this Order to Show Cause by **March 13, 2019**, identifying all of the owners/members of Defendant Hilton Management LLC and provide their citizenships. If any of the owners/members are themselves LLCs and/or unincorporated associations,[3] Plaintiff shall also identify those entities and

---

[1] Defendant Hilton Hawaiian Village LLC dba Hilton Hawaiian Beach Resort & Spa is was identified in the Amended Complaint as a "limited liability corporation incorporated under the law of the State of Hawai'i, having its principal place of business in the State of Hawai'i in the City and County of Honolulu, State of Hawai'i." Doc. No. 11 at ¶ 2. However, it is no longer a party to the action. Doc. No. 21.

[2] If an owner/member is an LLC, its owners/members must also be identified, along with their citizenships.

[3] "[A]n unincorporated association such as a partnership has the citizenships of all of its members." *Johnson*, 437 F.3d at 899 (citation omitted).

provide their citizenships. Failure to timely respond to this Order to Show Cause will result in a finding that Plaintiff has failed to carry her burden of establishing subject matter jurisdiction and the Court will dismiss the action without prejudice.

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, February 27, 2019.



Jill A. Otake
United States District Judge

CV 17-00536 JAO-RLP; *Easley-Jackson v. Hilton Mgmt. LLC*; ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED WITHOUT PREJUDICE

4